■ ESTEBAN E. CEDANO, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendant.—Order, Supreme Court, Bronx County, entered December 4, 1978, granting plaintiff's motion for leave to file a late notice of claim against the City of New York unanimously reversed, on the law, and motion denied, without costs. According to plaintiff's affirmation the accident occurred on May 14, 1977. The notice of claim was filed on December 29, 1977, 229 days after the date of the accident and 139 days after the expiration of the 90-day statutory period. The notice of claim alleges that plaintiff's vehicle was damaged as a result of striking a cracked portion of the roadway, and that while plaintiff was examining the car it went out of control as a result of the damage sustained in the accident causing him severe injuries. It is clear that both the original accident and subsequent events described were not witnessed by anyone other than the plaintiff. Nor is there any support in the record for Special Term's conclusion that a police officer had responded to the scene. In short, this is peculiarly the kind of claim likely to result in substantial prejudice to the city if timely notice is not given. A review of the record also discloses that plaintiff's injuries, while alleged to be severe, were not so disabling as to account satisfactorily for his failure to timely serve the notice of claim pursuant to section 50-e of the General Municipal Law (as amd by L 1976, ch 745, § 2). Concur—Birns, J. P., Sandler, Ross, Lynch and Carro, JJ.